Gerald Gordon
Attorney for Plaintiff
geraldgordonlaw@aol.com
107 Fontaine Court Monroe Township, NJ
Tel   732 991 5720
Fax   609 443 7477
Bar ID 266011971
Mailing Address  P O  Box  800  New Brunswick, NJ 08903-0800
_____

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

CIVIL ACTION NO. 2:09-cv-5993-WJM-MF

ADAM L. TIETCHEN

vs.

| | |
|---|---|
| JUH H. CHOI, INDIVIDUALLY<br>AND AS MAYOR OF EDISON TOWNSHIP | **AMENDED COMPLAINT** |
| | **&** |
| EDISON TOWNSHIP | **JURY TRIAL DEMAND** |

BRIAN COLLIER, INDIVIDUALLY
AND AS POLICE DIRECTOR OF EDISON TOWNSHIP

THOMAS BRYAN, INDIVIDUALLY
AND AS POLICE CHIEF OF EDISON TOWNSHIP

ANTHONY MARCANTUNO, INDIVIDUALLY
AND A POLICE OFFICER OF EDISON TOWNSHIP

MARK ANDERKO, INDIVIDUALLY
AND A POLICE OFFICER OF EDISON TOWNSHIP

MATTHEW FREEMAN, INDIVIDUALLY
AND A POLICE OFFICER OF EDISON TOWNSHIP

PATRICK KELLY, INDIVIDUALLY
AND A POLICE OFFICER OF EDISON TOWNSHIP

ANTHONY CANCRO, INDIVIDUALLY
AND AS BUSINESS ADMINISTRATOR OF EDISON
TOWNSHIP

JOHN DOES 1-100 AND MARY DOES 1-100,
INDIVIDUALLY AND AS POLICE OFFICERS
OR OTHER EMPLOYEES, REPRESENTATIVES, OR
AGENTS OF THE DEFENDANT EDISON TOWNSHIP

ADAM L. TIETCHEN RESIDING IN THE TOWNSHIP OF EDISON, COUNTY OF MIDDLESEX STATE OF NEW JERSEY BY WAY OF COMPLAINT AGAINST THE DEFENDANTS SAYS:

## OMNIBUS

1. TO THE EXTENT THERE ARE ANY INCONSISTENCIES OR CONTRADICTIONS IN ANY ALLEGATIONS, FACTS, CAUSES OF ACTIONS, CLAIMS, RELIEF, OR ANYTHING ELSE OR MATTER (WHETHER SET FORTH SEPARATELY OR INCORPORATED) WHICH COULD IN ANY MANNER OR WAY BE INTERPRETED, APPLIED, CONSIDERED, ETC., ADVERSE TO THE INTERESTS OF PLAINTIFF, SAME ARE TO BE APPLIED AND INTERPRETED IN THE MOST FAVORABLE LIGHT AND TO THE BENEFIT OF PLAINTIFF AND ARE TO BE APPLIED AND CONSIDERED AS SUCH.

## PARTIES

1. PLAINTIFF, ADAM L. TIETCHEN WAS A LAW ENFORCEMENT OFFICER EMPLOYED BY THE DEFENDANT EDISON TOWNSHIP (HEREINAFTER ALTERNATIVELY REFERRED TO AS "THE TOWNSHIP", "THE EMPLOYER", "EDISON", OR EDISON TOWNSHIP) IN ITS POLICE DEPARTMENT FOR TWENTY NINE YEARS AND NINE MONTHS.

2. DEFENDANT, EDISON TOWNSHIP, IS A MUNICIPAL CORPORATION/ENTITY, AND THE GOVERNING BODY OF THE TOWNSHIP OF EDISON LOCATED IN THE TOWNSHIP OF EDISON, COUNTY OF MIDDLESEX, STATE OF NEW JERSEY, AND AT ALL TIMES RELEVANT WAS PALINTIFF'S EMPLOYER.

3. AT ALL TIMES RELEVANT, THE DEFENDANT, JUN H. CHOI, "HEREIN AFTER REFERRED TO AS "CHOI") IS AND WAS THE MAYOR AND CHIEF EXECUTIVE OF THE DEFENDANT

4. AT ALL TIMES RELEVANT, THE DEFENDANT, ANTHONY CANCRO, "HEREIN AFTER REFERRED TO AS CANCRO") IS AND WAS THE BUSINESS ADMINISTRATOR OF THE DEFENDANT TOWNSHIP OF EDISON.

5. AT ALL TIMES RELEVANT, THE DEFENDANT, BRIAN COLLIER IS AND WAS THE POLICE DIRECTOR OF THE DEFENDANT TOWNSHIP OF EDISON, (HEREIN AFTER REFERRED TO AS" COLLIER") IS AND WAS THE POLICE DIRECTOR OF THE DEFENDANT EDISON TOWNSHIP AND IS AND WAS CHARGED WITH OVERSEEING THE OPERATIONS AND FUNCTIONS OF THE POLICE DEPARTMENT OF DEFENDANT EDISON TOWNSHIP.

6. AT ALL TIMES RELEVANT, THE DEFENDANT, THOMAS BRYAN (HEREIN AFTER REFERRED TO AS "BRYAN") IS AND WAS THE POLICE CHIEF OF THE DEFENDANT EDISON TOWNSHIP AND IS AND WAS CHARGED WITH OVERSEEING THE OPERATIONS AND FUNCTIONS OF THE POLICE DEPARTMENT OF DEFENDANT EDISON TOWNSHIP.

7. AT ALL TIMES RELEVANT, THE DEFENDANT, ANTHONY MARCANTUNO (HEREIN AFTER REFERRED TO AS "MARCANTUNO") IS AND WAS A POLICE OFFICER EMPLOYED BY THE DEFENDANT EDISON TOWNSHIP.

8. AT ALL TIMES RELEVANT, THE DEFENDANT, MARK ANDERKO (HEREIN AFTER REFERRED TO AS "ANDERKO") IS AND WAS A POLICE OFFICER EMPLOYED BY THE DEFENDANT  EDISON TOWNSHIP.

10. AT ALL TIMES RELEVANT, THE DEFENDANT, MATTHEW FREEMAN (HEREIN AFTER REFERRED TO AS "FREEMAN") IS AND WAS A POLICE OFFICER EMPLOYED BY THE DEFENDANT EDISON TOWNSHIP.

11. AT ALL TIMES RELEVANT, THE DEFENDANT, PATRICK KELLY (HEREIN AFTER REFERRED TO AS "KELLY") IS AND WAS A POLICE OFFICER EMPLOYED BY THE DEFENDANT EDISON TOWNSHIP.

12. THE TRUE IDENTITIES OF THE DEFENDANTS DOES ARE UNKNOWN. AS SUCH THE NAMES OF THESE DEFENDANTS WHO WERE EMPLOYEES, AGENTS, OR REPRESENTATIVES OF THE DEFENDANT EDISON TOWNSHIP ARE "FICTICTIOUS" AND WILL REMAIN SUCH UNTIL THEIR IDENTITIES BECOME KNOWN.

## JURISDICTION AND VENUE

13. PLAINTIFF BRINGS THIS ACTION UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA, INCLUDING BUT NOT LIMITED, TO THE FIRST AND FOURTEENTH AMENDMENTS; 42 U.S.C. SECTION 1983; TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; THE AGE DISCRIMINATION ACT OF 1967; THE CIVIL RIGHTS ACT OF 1991 AND SUCH OTHER APPLICABLE LAWS OF THE UNITED STATES OF AMERICA

14. THIS COURT HAS ORIGINAL JURISDICTION OF THIS CLAIM AS IT ARISES UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES OF AMERICA, PURSUANT TO 28 U.S.C. 1331.

15. THIS COURT HAS JURISDICTION ARISING OUT OF THE CONSTITUTION AND LAWS OF THE STATE OF NEW JERSEY BECAUSE THESE CLAIMS ARE SO RELATED TO THE CLAIMS OVER WHICH THIS COURT HAS ORIGINAL JURISDICTION THAT TOGETHER THEY COMPRISE THE SAME CASE OR CONTROVERSY PURSUANT TO 28 U.S.C. SECTION 1367.

16. PURSUANT TO 28 U.S.C. SECTION 1391(b), VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT OF NEW JERSEY BECAUSE (1) ALL DEFENDANTS RESIDE IN THE STATE OF NEW JERSEY, AND (2) AT THE LEAST, A SUBSTANTIAL PORTION OF THE ILLEGAL CONDUCT, ILLEGAL ACTS AND ILLEGAL OMISSIONS COMPLAINED OF OCURRED WITHIN THE STATE OF NEW JERSEY.

**STATEMENT OF FACTS**

17. THE PLAINTIFF WAS BORN IN THE UNITED STATES OF AMERICA ON NOVEMBER 16, 1944

18. PLAINTIFF WAS HIRED AS A LAW ENFORCEMENT OFFICER BY THE DEFENDANT EDISON TOWNSHIP ON OR ABOUT SEPTEMBER 7, 1979.

19. PLAINTIFF SERVED AS A LAW ENFORCEMENT OFFICER FOR THE DEFENDANT EDISON TOWNSHIP UNTIL JUNE 1, 2009.

20. IN 1991 PLAINTIFF WAS PROMOTED AS A DETECTIVE OF AND IN THE BUREAU OF INTERNAL AFFAIRS OF THE DEFENDANT EDISON TOWNSHIP WHERE HE SERVED UNTIL 1994.

21. IN 1994 PLAINTIFF WAS PROMOTED AS A DETECTIVE OF AND IN THE DETECTIVE BUREAU OF THE DEFENDANT EDISON TOWNSHIP WHERE HE SERVED UNTIL 1998.

22. IN FEBRUARY 1998 WAS PROMOTED AS A DETECTIVE OF AND IN THE JUVENILE DIVISION/BUREAU OF THE POLICE DEPARTMENT OF THE DEFENDANT EDISON TOWNSHIP WHERE HE SERVED UNTIL JULY 2008 WHEN HE WAS UNLAWFULLY REMOVED AND DEMOTED TO PATROL OFFICER.

23. AMONG OTHER THINGS, AND WITHOUT LIMITATION, AS THE RESULT OF THIS UNLAWFUL CONDUCT, HE LOST HIS POSITION AS A DETECTIVE, AS A DETECTIVE OF AND IN THE JUVENILE DVISION/BUREAU AND AS LIASON OF AND TO THE JUVENILE DIVISON/BUREAU.

24. THE DEFENDANT CHOI CAUSED PLAINTIFF TO BE REPLACED IN HIS POSITION IN THE JUVENILE DIVISION/BUREAU WITH AN OFFICER WHO WAS ONLY IN HIS 30'S AND FURTHER HAD BEEN EMPLOYED BY THE DEFENDANT EDISON TOWNSHIP FOR APPROXIMATELY THREE YEARS.

25. AS THE RESULT OF THIS, SAID POLKICE OFFICER HAD DUTIES GREATER THAN PLAINTIFF AND HAD AUTHORITY OVER PLAINTIFF.

26. PLAINTIFF SUPPORTED THE DEFENDANT CHOI'S OPPONENTS IN THE PRIMARY ELECTION OF JUNE 2005 AND THE GENERAL ELECTION OF NOVEMBER 2009.

27. IN JULY 2008 AND PRIOR THERETO, PLAINTIFF AND OTHER EMPLOYEES OF THE DEFENDANT EDISON TOWNSHIP WERE SIMILARLY ILLEGALLY TREATED IN AN EFFORT TO CAUSE THEM TO BE ABUSED, EMBARRASSED, HARRASSED, HUMILATED, RIDICULED, OSTRACIZED, AND OTHERWISE CAUSE THEM HARM AND INJURY, AND FORCE THEM TO RETIRE.

28. PLAINTIFF COMPLAINED AND PROTESTED THE ILLEGAL ACTIONS AND CONDUCT UPON AND TO HIM BUT WAS TOLD THAT IF HE DID NOT KEEP HIS MOUTH SHUT HE WOULD SUFFER CONSEQUENCES.

29. THE DEFENDANT CHOI AND THE OTHER DEFENDANTS, ONE OR MORE OF THEM ACTED IN CONCERT AND CONSPIRED IN THE ILLEGAL ACTIONS AND CONDUCT UPON AND TO PLAINTIFF FOR THE PURPOSE OF CAUSING HIM HARM, INJURY, AND

DAMAGES.

30. THE DEFENDANTS EACH ACTED INDIVIDUALLY AS WELL AS IN THEIR RESPECTIVE OFFICIAL CAPACITIES WITH THE DEFENDANT EDISON TOWNSHIP.

31. THE DEFENDANT EDISON TOWNSHIP IS RESPONSIBLE TO THE PLAINTIFF FOR DAMAGESAS A CONSEQUENCE OF THE ILLEGAL ACTIONS AND CONDUCT OF THE INDIVIDUAL DEFENDANTS AS A RESULT OF THEIR EMPLOYMENT AS WELL AS IN THEIR RESPECTIVE OFFICIAL CAPACITIES.

32. THE ILLEGAL CONDUCT OF AND BY THE DEFENDANTS HAS BEEN DETRIMENTAL NOT ONLY TO PLAINTIFF, BUT TO THE TOWNSHIP OF EDISON AS WELL.

33. THE PLAINTIFF WAS ILLEGALLY VICTIMIZED BY THE DEFENDANTS.

35. IT IS RESPECTFULLY SUBMITTED THAT THE FACTS ASSERTED HEREIN ARE SUFFICIENT TO COMPLY WITH PLEADING REQUIREMENTS, HOWEVER SHOULD IT BE DETERMINED THEY ARE NOT, PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THE FACTS

## COUNT I

### FREEDOM OF SPEECH AND ASSOCIATION

36. PLAINTIFF REPEATS, RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 32 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AND AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

37. THIS COUNT IS BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983, THE FIRST AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES CONSTITUTION, THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF

AMERICA AS WELL AS THE CONSTITUTION ANY AND ALL OTHER APPLICABLE LAWS OF THE STATE OF NEW JERSEY.

38. THE ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF, TO AGAINST, TOWARD, AND UPON THE PLAINTIFF WERE IN RETALIATION, PUNISHMENT AND PERSECUTION FOR THE EXERCISE OF HIS RIGHTS TO FREEDOM OF SPEECH AND ASSOCIATION AS GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION (AND ANY AND ALL OTHER APPLICABLE LAWS) OF THE UNITED STATES OF AMERICA (AS WELL AS THE CONSTITUTION AND ANY OTHER APPLICABLE LAWS OF THE STATE OF NEW JERSEY) AND ALL OTHER LAWS RELATED THERETO, FOR SUPPORTING THE DEFENDANT CHOI'S OPPONENTS IN THE PRIMARY ELECTION OF JUNE 2005 AND THE GENERAL ELECTION OF NOVEMBER 2009.

38. PLAINTIFF'S EXERCISE OF SAID RIGHTS PROVIDED BY AND UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA (AS WELL AS UNDER THE CONSTITUTION OF THE STATE OF NEW JERSEY) AND/OR HIS EXPRESSION OF HIS POLITICAL BELIEFS AND AFFILATION WAS, AT THE VERY LEAST, A SUBSTANTIAL AND OR MOTIVATING FACTOR IN AND OF THE ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF, AGAINST TOWARD, TO, AND UPON THE PLAINTIFF.

39. THE DEFENDANTS CAUSED THE PLAINTIFF TO BE TREATED IN A ILLEGAL MANNER WHICH ILLEGALITY (WITHOUT LIMITATION, RESTRICTION, OR WAVIER) WAS AT THE LEAST, VINDICTIVE, DISGRACEFUL, DEMEANING, ABUSIVE, HARRASSING, HUMILIATING, RETALIATORY, ABUSIVE, AND EMBARRASSING, WHICH, IN WHOLE OR I PART CAUSED THE PLAINTIFF TO BE VICTIMIZED WORK ENVIRONMENT.

40. THE DEFENDANTS WERE ILLEGALLY ACTING UNDER COLOR OF LAW IN THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT TOWARD, TO,

AND UPON PLAINTIFF.

41. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER, SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**COUNT II**

**AGE DISCRIMINATION**

42. PLAINTIFF REPEATS, RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 31 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

43. THIS COUNT IS BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983, THE CONSTITUTION OF THE UNITED STATES OF AMERICA TOGETHER WITH ANY AND ALL OTHER APPLICABLE LAWS AS WELL AS OF THE CONSTITUTION OF THE STATE OF NEW JERSEY, THE LAW AGAINST DISCRIMINATION OF THE STATE OF NEW JERSEY TOGETHER WITH ANY AND ALL OTHER APPLICABLE LAWS OF THE STATE OF NEW JERSEY.

44. THE DEFENDANTS WERE ILLEGALLY ACTING UNDER COLOR OF LAW IN THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF, TOWARD, AGAINST AND UPON THE PLAINTIFF.

45. THE DEFENDANTS ILLEGALLY DISCRIMINATED AS TO AGE AGAINST DEFENDANT.

45. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER, SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**COUNT III**

**(HOSTILE WORK ENVIRONMENT)**

47. PLAINTIFF REPEATS, RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 31 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

48. THE DEFENDANTS BY THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, CAUSED THE PLAINTIFF TO BE TREATED IN A ILLEGAL MANNER WHICH ILLEGALITY WAS AT THE LEAST, VINDICTIVE, DISGRACEFUL, DEMEANING, ABUSIVE, HARRASSING, HUMILIATING, RETALIATORY, ABUSIVE, AND EMBARRASSING, WHICH CAUSED THE PLAINTIFF TO BE VICTIMIZED BY AND SUBJECTED TO A HOSTILE WORK ENVIRONMENT.

49. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER, SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**COUNT IV**

**FREEDOM OF SPEECH**

**(OBJECTIONS, ETC., TO ILLEGAL TREATMENT)**

50. PLAINTIFF REPEATS, RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 32 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AND AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

51. THIS COUNT IS BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983, THE FIRST

AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES CONSTITUTION, THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND THE CONSTITUTION AND ANY AND ALL OTHER APPLICABLE LAWS OF THE STATE OF NEW JERSEY.

52. THE AFORESAID ILLEGAL CONDUCT AND ACTIONS BY THE DEFENDANTS JOINTLY AND SEVERALLY AGAINST THE PLAINTIFF WERE IN RETALIATION, PUNISHMENT AND PERSECUTION FOR THE EXERCISE OF HIS RIGHTS TO FREEDOM OF SPEECH AS GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AS WELL AS THE CONSTITUTION AND ANY AND ALL OTHER APPLICABLE LAWS OF THE STATE OF NEW JERSEY FOR OPPOSING, OBJECTING AND COMPLAINING ABOUT AND CONCERNING THE ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT AGAINST, OF, TOWARD. TO AND UPON HIM BY THE DEFENDANTS.

53. PLAINTIFF'S EXERCISE OF SAID RIGHTS PROVIDED BY AND UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA (AS WELL AS UNDER THE CONSTITUTION OF THE STATE OF NEW JERSEY AND OTHER LAWS OF THE STATE OF NEW JERSEY WAS AT THE VERY LEAST A SUBSTANTIAL OR MOTIVATING FACTOR IN THE ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF AND BY THE DEFENDANTS, JOINTLY AND OR SEVERALLY, AGAIINST, TOWARD, TO, OF, AND UPON THE PLAINTIFF.

54. THE DEFENDANTS WERE ILLEGALLY ACTING UNDER COLOR OF LAW IN THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF, AGAINST TOWARD, TO, AND UPON PLAINTIFF.

55. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER,

SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**COUNT V**

**INTENTIONAL CONDUCT AND TORT OF OUTRAGE**

56. PLAINTIFF REPEATS ,RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 32 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AND AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

57. THIS COUNT IS BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983, THE FIRST AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES CONSTITUTION, THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND THE CONSTITUTION AND ANY AND ALL APPLICABLE LAWS OF THE STATE OF NEW JERSEY.

58. THE AFORESAID ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT OF, AGAINST, TO, TOWARD AND UPON THE PLAINTIFF WERE IN RETALIATION, PUNISHMENT AND PERSECUTION FOR THE EXERCISE OF HIS RIGHTS TO FREEDOM OF SPEECH AND ASSOCIATION AS GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AS WELL AS THE CONSTITUTION AND ANY AND ALL OTHER APPLICABLE LAWS OF THE STATE OF NEW JERSEY AS WELL AS FOR OPPOSING, OBJECTING, AND COMPLAINING OF AND ABOUT THE DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT AGAINST, OF, TO, TOWARD AND UPON

PLAINTIFF.

59. PLAINTIFF'S EXERCISE OF SAID RIGHTS PROVIDED BY AND UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA (AS WELL AS UNDER THE CONSTITUTION OF THE STATE OF NEW JERSEY AND OTHER LAWS OF THE STATE OF NEW JERSEYWAS AT THE VERY LEAST A SUBSTANTIAL OR MOTIVATING FACTOR IN THE ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT OF AND BY THE DEFENDANTS.

60. THE DEFENDANTS WERE ILLEGALLY ACTING UNDER COLOR OF LAW IN THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT TOWARD, TO, AND UPON PLAINTIFF.

61. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER, SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**COUNT VI**

**FALSE LIGHT, INVASION OF PRIVACY AND INTRUSION**

62. PLAINTIFF REPEATS ,RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 32 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AND AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

63. THE DEFENDANTS BY THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF, TO, UPON, AGAINST AND TOWARD THE PLAINTIFF CAUSED THE PLAINTIFF TO BRE HELD IN FALSE LIGHT, INVADED HIS PRIVACY AND INTRUDED UPON HIS LIFE AND WELL BEING.

64. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL

ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER, SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**COUNT VII**

### DEFAMATION
### (LIBEL AND SLANDER)

65. PLAINTIFF REPEATS ,RE-ALLEGES, AND INCORPORATES PARAGRAPHS 1 THROUGH 32 OF THIS COMPLAINT AS WELL OF ALL COUNTS OF THIS COMPLAINT AND AS IF FORMALLY AND FULLY SET FORTH HEREIN AT LENGTH.

66. THE DEFENDANTS BY THEIR ILLEGAL CONDUCT, ILLEGAL ACTIONS, AND ILLEGAL TREATMENT OF, TO, UPON, AGAINST AND TOWARD THE PLAINTIFF CAUSED THE PLAINTIFF TO BE LIBELED AND SLANDERED

67. AS A PROXIMATE AND DIRECT RESULT OF DEFENDANTS ILLEGAL CONDUCT, ILLEGAL ACTIONS AND ILLEGAL TREATMENT, PLAINTIFF HAS AND WILL CONTINUE TO SUFFER, SUSTAIN AND BE SUBJECTED TO SEVERE INJURY AND DAMAGE.

**WHEREFORE,** CAUSE HAVING BEEN SHOWN, PLAINTIFF ADAM L. TIETCHEN, DEMANDS JUDGMENT, JOINTLY AND SEVERALLY AS TO EACH COUNT AGAINST THE DEFENDANT EDISON TOWNSHIP, AND AGAINST THE INDIVIDUAL PERSON DEFENDANTS, PERSONALLY AND IN THEIR OFFICIAL CAPACITIES WITH THE DEFENDANT EDISION TOWNSHIP AND SEEKS THE FOLLOWING RELIEF:

a. COMPENSATORY DAMAGES, INCLUDING BUT NOT LIMITED TO ECONOMIC LOSS, PAIN AND SUFFERING, EMOTIONAL DISTRESS, PSYCHOLOGICAL INJURY, TOGETHER WITH ALL OTHER DAMAGES AND LOSSES RESULTING FROM THE ILLEGAL CONDUCT OF AND BY THE DEFENDANTS.

b. PUNITIVE DAMAGES.

c. EXEMPLARY DAMAGES.

d. LIQUIDATED DAMAGES.

e. ATTORNEY'S FEES, A CONTINGENCY FEE MULTIPLIER, PRE-JUDGMENT INTEREST, POST POST JUDGMENT INTEREST, COSTS OF SUIT, LEGAL EXPENSES TOGETHER WITH ALL EXPENSES ASSOCIATED WITH THIS LAW SUIT.

f. ANY AND ALL OTHER DAMAGES ALLOWED BY LAW.

g. SUCH OTHER RELIEF AS THE COURT MAY DEEM EQUITABLE AND JUST.

RESPECTFULLY SUBMITTED,

_____DECEMBER 8, 2009
GERALD GORDON, ATTORNEY FOR PLAINTIFF, ADAM L. TIETCHEN

**DEMAND FOR JURY TRIAL**

TRIAL BY JURY IS RESPECTFULLY DEMANDED.

RESPECTFULLY SUBMITTED,

_____DECEMBER 8, 2009
GERALD GORDON, ATTORNEY FOR PLAINTIFF, ADAM L. TIETCHEN

**CERTIFICATION**

IN REGARD TO ANY CERTIFICATION CONCERNING ANY OTHER MATTERS THAT MAY RELATE TO THIS ACTION, PLEASE SEE CIVIL COVER SHEET.

RESPECTFULLY SUBMITTED,

_____ DATED DECEMBER 8, 2009
GERALD GORDON, ATTORNEY FOR PLAINTIFF, ADAM L. TIETCHEN
: